UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARZE MOORE,

        Petitioner,

                            CASE NO. 08-11471

v.

                            PAUL D. BORMAN
NICK J. LUDWICK,           UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Demarze Moore has filed a petition under 28 U.S.C. § 2254 for the writ of habeas corpus. The habeas petition challenges Petitioner's sentence of thirteen and one quarter years to twenty years for one count of first-degree criminal sexual conduct. Petitioner alleges that the trial court (1) penalized him for exercising his constitutional right to testify on his own behalf and (2) enhanced the sentencing guidelines range on the basis of facts not proven to the jury. The Court has determined that Petitioner's first claim is procedurally defaulted and that both claims lack merit. Accordingly, the habeas petition must be denied.

**I. BACKGROUND**

      Petitioner was bound over for trial on three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. The charges arose from allegations that Petitioner engaged in sexual activity with his thirteen-year-old stepdaughter. As explained by the state court,

      [o]n an evening when his wife was working, [Petitioner] called his stepdaughter

>   into his bedroom and told her to remove her clothing so he could check to see if
>   she was sexually active. When the stepdaughter removed her clothing,
>   [Petitioner] digitally penetrated her and performed oral sex on her. [Petitioner's]
>   stepdaughter informed her mother as to what occurred and [Petitioner] was
>   arrested shortly thereafter.

*People v. Moore*, No. 265378 (Mich. Ct. App. Feb. 27, 2007) (unpublished).

A Wayne County Circuit Court jury found Petitioner guilty of one count of first-degree criminal sexual conduct, MICH. COMP. LAWS 750.520b(1)(b) (sexual penetration with a person at least thirteen years old, but less than sixteen years old), and not guilty of the other three counts. The trial court then sentenced Petitioner as a habitual offender to imprisonment for 160 months (thirteen years, four months) to 240 months (twenty years). The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished, *per curiam* opinion. *See id.* On June 26, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Moore*, 478 Mich. 930 (2007).

Petitioner filed his habeas corpus petition on April 7, 2008. The claims and supporting facts read:

>   I.  The trial court penalized me for exercising my constitutional rights
>       to testify on my own behalf.
>
>       The judge stated that I lied to the jury. Therefore he is punishing
>       me with the highest sentence. I never lied under oath nor does my
>       transcript show this.
>
>   II. My guidelines range was enhanced by the scoring of OV 4 on the
>       basis of facts not proven to the jury.
>
>       No counseling was ever mentioned throughout trial.

Respondent argues in an answer to the habeas petition that Petitioner's claims lack merit in addition to being procedurally defaulted and not cognizable on habeas review.

**II. STANDARD OF REVIEW**

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

**III. DISCUSSION**

    **A. The Basis for the Sentence**

Petitioner's defense was that the complainant had a tendency to be untruthful and that, on the night in question, he merely had a conversation with her. Petitioner claims that he did not lie under oath.

At the sentencing, the trial court said:

> What concerns [t]he Court more than anything that's going to affect your

>sentence is the fact that I think everyone is entitled to a jury trial or bench trial, and I don't punish people for going to trial; if you want to go to trial, you go to trial. If you want to plead guilty, you could plead guilty.
>
>But I do punish people for lying, for obstructing justice, and you lied to this jury. You tried to deceive this jury.
>
>I think that maybe because you testified – and I thought you did a pretty good job – you created some reasonable doubt in the jury's mind. But the jury was not fooled as to one count, and therefore you were convicted.
>
>But I do not appreciate people lying to a jury, whether it's you or someone else for you.

(Tr. Aug. 15, 2005, at 18.) According to Petitioner, these comments indicate that the trial court penalized him for exercising his constitutional right to testify.

### 1. Procedural Default

Respondent argues that Petitioner's claim is procedurally defaulted because the Michigan Court of Appeals determined that Petitioner did not properly preserved his claim for appeal. A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). "When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977), and *Picard v. Connor*, 404 U.S. 270, 275-80 (1971)). "[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's

4

case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

All three elements of procedural default are satisfied here. First, Petitioner failed to comply with a state procedural rule that required him to preserve his sentencing issue for appellate review by raising the issue at sentencing, in a motion for re-sentencing, or in a motion to remand. *See People v. Kimble,* 470 Mich. 305, 309-11 (2004); MICH. COMP. LAWS § 769.34(10).

Second, the last state court to review Petitioner's claim in a reasoned opinion was the Michigan Court of Appeals, which reviewed Petitioner's claim for "plain error" due to his failure to properly preserve the issue for appellate review. The state appellate court's review for "plain error" constituted enforcement of the procedural rule. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Third, the procedural rule in question (MICH. COMP. LAWS § 769.34(10)) was an adequate and independent state ground for the state court's decision because the rule was "firmly established and regularly followed" when it was applied. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

All three elements of procedural default are satisfied. Consequently, the Court may excuse Petitioner's procedural default only if he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law or that a fundamental miscarriage of justice will occur if the Court fails to consider the substantive merits of his claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has not offered any argument in support of a finding of "cause and prejudice."

The Court therefore deems the "cause and prejudice" argument abandoned. *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003).

The narrow exception for fundamental miscarriages of justice requires a habeas petitioner to demonstrate that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Murray v Carrier*, 477 U.S. 488, 496 (1986). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Petitioner has not presented any new evidence in support of a claim of actual innocence. Therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the substantive merits of his claim.

### 2. On the Merits

Even if the claim were not procedurally defaulted, the Supreme Court has stated that a sentencing court is authorized

> to evaluate carefully a defendant's testimony on the stand, determine – with a consciousness of the frailty of human judgment –  whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society.

*United States v. Grayson*, 438 U.S. 41, 55 (1978). Stated differently, trial courts "may properly consider the fact that a defendant's sworn testimony is inconsistent with the court's finding (or

the jury's verdict) of guilty." *United States v. Wallace*, 418 F.2d 876, 878 (6th Cir. 1969).

Petitioner's testimony at trial conflicted with the complainant's testimony, and there was some basis for concluding that his testimony was false. His testimony

> did not explain the additional evidence that supported the victim's version of the incident. For example, [Petitioner] asserted that he talked to the victim about her sexual activity, but there was no physical contact. This does not explain why the victim's mother found her shirt on [Petitioner's] bed the next morning. In addition, the victim's mother testified that the acts the victim described to her were acts that [Petitioner] usually performed in their sex life. There was also evidence that [Petitioner] told his brother he was sorry, he did check the victim for sexual activity, and that he made a bad judgment. Finally, [Petitioner's] story did not explain why there was a fresh abrasion on the victim's genitalia.

*Moore*, Mich. Ct. App. No. 265378, at 2-3. Given these facts, the trial court did not err in considering Petitioner's trial testimony when sentencing him. Petitioner's claim has no merit.

### B. The Sentencing Guidelines

Petitioner alleges that the trial court enhanced the score for offense variable 4 of the Michigan sentencing guidelines on the basis of facts not proven to the jury. The Michigan Court of Appeals reviewed this claim on the merits and held that the trial court did not err in assigning ten points under offense variable 4 for psychological injury to the victim.

The contention that the state court misinterpreted the Michigan sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished opinion citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991), and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). Therefore, Petitioner's challenge to the scoring of the state sentencing guidelines is not cognizable on habeas review and fails to state a claim for which habeas relief may be granted. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (Tarnow, J.). "In conducting habeas review, a federal court is limited to deciding whether

a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam* opinion)).

In his state court brief, Petitioner relied on *Blakely v. Washington*, 542 U.S. 296 (2004), and argued that the trial court's factual findings regarding offense variable 4 violated his Sixth Amendment right to have a jury determine the facts beyond a reasonable doubt. The Court of Appeals for the Sixth Circuit has held that "*Blakely* does not apply to Michigan's indeterminate sentencing scheme." *Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007) (unpublished opinion), *cert. denied*, __ U.S. __, 128 S. Ct. 1898 (2008). Therefore, Petitioner is not entitled to relief on the basis of his *Blakely* claim.

## IV.  CONCLUSION

The state court's adjudication of Petitioner's claims did not result in an unreasonable determination of the facts or in a decision that was contrary to, or unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly, the habeas corpus petition [Dkt. 1] is **DENIED**.

The Court declines to grant a certificate of appealability because reasonable jurists would agree with the Court's resolution of Petitioner's constitutional claims, and the issues do not warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 674 (2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Petitioner nevertheless may take an appeal from this Court's decision *in forma pauperis* because an appeal arguably could be taken in good faith.

:

        S/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 30, 2008.

        S/Denise Goodine  
        Case Manager